IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MATTHEW A. SMITH, | ) | CIV. NO. 14-00229 JMS-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO |
| vs. | ) ) | PROCEED WITHOUT PREPAYMENT OF FEES; AND |
| UNITED PARCEL SERVICE. | ) ) | (2) DISMISSING COMPLAINT WITHOUT PREJUDICE |
| Defendant. | ) ) | |

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE

### I. INTRODUCTION

On May 14, 2014, Plaintiff Matthew A. Smith ("Plaintiff"), proceeding *pro se*, filed (1) an Application to Proceed without Prepayment of Fees ("Motion for IFP"); and (2) a Complaint against Defendant United Parcel Service ("Defendant" or "UPS") sounding in breach of contract and wrongful termination. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing, and based on the following, the court GRANTS Plaintiff's Motion for IFP, but DISMISSES the Complaint without prejudice. Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil

Procedure, and that demonstrates proper venue in the District of Hawaii. If he does not do so by **June 11, 2014**, the action will be terminated without further notice.

## II. ANALYSIS

### A. Motion for IFP

Federal courts may authorize the commencement of any suit, without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses and demonstrates that he or she is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of [ ] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to

2

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Plaintiff's Motion for IFP asserts that Plaintiff is self-employed but has no net income. He attests to receiving income of $100 per month in public assistance benefits, with annual income from investment property of $9,600. He further attests to having no cash in bank accounts, and no other accessible assets. He lists monthly expenses of $1,079, including a mortgage, food, and living expenses. The court finds that Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed without prepayment of fees, and thus the court GRANTS Plaintiff's Motion for IFP.

**B.    The Complaint**

   *1.    Standards for Screening of the Complaint*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing *pro se*; consequently, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

Moreover, the court may dismiss a complaint for lack of subject matter jurisdiction on its own motion. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); Fed. R. Civ. P. 12(h)(3). Further, "[a] trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.* The court may dismiss a complaint pursuant to Rule 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by this Rule. *Iqbal*, 556 U.S. at 679. Further, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom

5

plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

A court may raise improper venue *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run, as long as the parties are first given an opportunity to present their views on the issue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Similarly, a court may raise res judicata/collateral estoppel *sua sponte*, and dismiss a complaint on that basis if the parties have been given an opportunity to be heard on the issue. *See, e.g.*, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 & n.6 (9th Cir. 2005).

### 2. *Application of Standards to the Complaint's Allegations*

Applying the preceding principles, the court dismisses Plaintiff's Complaint for lack of federal subject matter jurisdiction, and for failure to state a claim.

Initially, the Complaint asserts only "U.S. Statutes [], Colorado Revised Statutes [], The Civil Rights Act, Constitution, and Bill of Rights" as the basis of federal jurisdiction. Doc. No. 1, Compl. at 2. Even construed liberally in favor of the *pro se* Plaintiff, however, these vague allegations are insufficient to invoke federal jurisdiction. Plaintiff fails to identify which specific federal statute

he contends was violated, and without citing a particular statutory provision the court (and the Defendant) could only speculate as to the basis of jurisdiction and the cause of action being raised. For example, the "Civil Rights Act" could refer to many different acts protecting civil rights, or conceivably could refer to a state law cause of action. Given this failure of specificity, the Complaint fails to allege a federal question. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that, absent diversity of citizenship, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").[1]

The Complaint also fails to comply with the requirement of providing a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(1), which is "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Complaint appears to assert a claim for termination of employment based on negligence and/or breach of contract, but fails to set forth in any coherent manner what the terms of the contract or contracts were or how they were broken. Rather, in a confusing manner, Plaintiff alleges that "UPS had contracts with the plaintiff that were broken. Grounds for Health and Safety Practice (Psychological)." Doc. No. 1-5,

---

[1] The Complaint does not invoke jurisdiction based on diversity of citizenship.

"Amended Compl." at 3.[2] The Complaint alleges: "The contract was terminated for the convenience of the Organization under the contract clause authorizing the Health and Safety Practice (Psychological)," "There was inappropriate Health and Safety Practice (Psychological) Contracting Officer (Conflict of interest)," "There was inappropriate Health and Safety Practice (Psychological ) for Company Leave Assignment Codes," and "There was Health and Safety Practice (Psychological) for Contracts." *Id.* at 3-5. These allegations are followed by unexplained and meaningless phrases, such as "The effective date of Health and Safety Practice (Psychological)," "It was not known that the organization would accept a no cost settlement," and "The specific failure of the organization and the excuses for the failure." *Id.*

Based on these types of ambiguous factual allegations, Plaintiff "asks the court to recognize he was wrongfully terminated," "to recognize whether the orgnizations [sic] negligence was wilful, purposeful, intentional, or malicious based on the conditions, or privledges [sic], specifically UPS contracts that were entrusted to personel [sic]," and "to recognize he was not negligent comparitively or contributorilly [sic]." *Id*. at 5. At best, the Complaint's factual allegations only

---

[2] Plaintiff attached an "Amended Complaint" as an Exhibit to his Complaint. *See* Doc. No. 1-5. The court construes this "Amended Complaint" as part of the original Complaint because the "Amended Complaint" contains "general" and "specific" allegations attempting to set forth the basis of Plaintiff's claims.

8

permit the court to infer "the mere possibility of misconduct,'" *Iqbal*, 556 U.S. at 679, and do not show that the plaintiff is entitled to requested relief as required by Rule 8.

The court also takes judicial notice that Plaintiff has already had three Complaints (alleging wrongful termination claims against UPS) dismissed by the U.S. District Court for the District of Colorado -- including on April 23, 2014, a suit with nearly identical allegations as this suit -- within the past six months. *See Smith v. United Parcel Serv.*, No. 12-cv-01578 (D. Colo.) (summary judgment granted in favor of UPS on Nov. 13, 2013); *Smith v. United Parcel Serv.*, No. 13-cv-01815 (D. Colo.) (dismissed with prejudice on March 24, 2014); and *Smith v. United Parcel Serv.*, No. 14-cv-00787 (D. Colo.) (dismissed on April 23, 2014). These prior dismissals raise the distinct possibility that the present suit may be barred by principles of res judicata/collateral estoppel. *See, e.g.*, *Headwaters Inc.*, 399 F.3d at 1055 & n.6 (explaining circumstances where a court can raise prior adjudication principles *sua sponte*).[3]

---

[3] To be clear, the court is not dismissing or barring the Complaint at this juncture based on res judicata/collateral estoppel principles. The court is, however, raising this issue *sua sponte*, and placing Plaintiff on notice that he should carefully consider such a possible bar before filing any further Amended Complaint in accordance with this Order. *See Headwaters Inc.*, 399 F.3d at 1055 & n.6 (explaining that a court may raise res judicata *sua sponte*, and dismiss on that basis after the parties have been given an opportunity to be heard on the issue).

Further, the Complaint fails to allege any possible basis for venue in the District of Hawaii -- Plaintiff does not allege that he lived or worked in Hawaii, that there were any relevant contracts in Hawaii, or that UPS is a resident of Hawaii for purposes of this action (indeed, the Complaint alleges that UPS "is a corporate organization with offices formerly located in the state of Hawaii who presently resides at the following address: 55 Glenlake Parkway NE Atlanta, GA 30328," Doc. No. 1-5 at 3). Plaintiff alleges that "[v]enue in the District of HAWAII is proper under the claims of the State of Hawaii to 28 U.S.C. § 1367," *id.*, but § 1367 concerns supplemental jurisdiction of state-law claims, not the venue of a complaint. Plaintiff's Complaint thus appears to have been filed in an incorrect venue. *See* 28 U.S.C. § 1391(b) (setting forth venue requirements).[4]

This dismissal, however, is without prejudice to Plaintiff filing an Amended Complaint that complies with the pleading requirements of Rule 8, and that contains enough specificity to state "plausible" claims under federal standards. *See Iqbal*, 556 U.S. at 678. That is, because Plaintiff is proceeding *pro se*, the court will grant Plaintiff leave to amend to attempt to cure deficiencies in his

---

[4] As with res judicata/collateral estoppel, the court is not dismissing the Complaint for improper venue at this stage. The court, however, is raising the issue *sua sponte* to allow Plaintiff to consider whether venue is proper in the District of Hawaii, should he choose to file a further Complaint in this action. *See Costlow*, 790 F.2d at 1488 (allowing a court to raise improper venue *sua sponte*, and allowing a court to dismiss on that basis after allowing the parties an opportunity to address the issue).

Complaint.  *See, e.g.*, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (reiterating that "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively," and that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations and quotation marks omitted).

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiffs' Motion for IFP, but DISMISSES the Complaint without prejudice.  **By June 11, 2014**, Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure, and that sets forth a basis for venue in the District of Hawaii.  If

///

///

///

///

///

an Amended Complaint is not filed by **June 11, 2014**, the action will be terminated without further notice.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, May 21, 2014.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Smith v. United Parcel Serv.*, Civ. No. 14-00229 JMS-RLP, Order: (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees; and (2) Dismissing Complaint without Prejudice